UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS NEUMAN,

       Petitioner,

vs.

       Case No. 05-CV-70901
       HON. GEORGE CARAM STEEH
       Crim. No. 03-CR-80389

UNITED STATES OF AMERICA,

       Respondent.

_____/

## ORDER DISMISSING § 2255 PETITION (#37), AND DENYING CERTIFICATE OF APPEALABILITY

Dennis Neuman filed a 28 U.S.C. § 2255 motion on March 8, 2005 seeking relief from his March 10, 2004 sentence of 46 months imprisonment, 3 years supervised release, and a $100.00 assessment following his plea-based conviction for possession of an unregistered short barreled rifle in violation of 26 U.S.C. § 5861(d). The facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the motion. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Petitioner Neuman moves for relief under § 2255 on two grounds: (1) his sentence was increased beyond a 24 month minimum sentence based on facts contained in his presentence report and established by a preponderance of the evidence, in violation of United States v. Booker, 125 S.Ct. 738 (2005), and; (2) he was denied effective assistance of counsel when defense counsel failed to inform him of his right to appeal his sentence, and counsel's failure to object to the alleged unconstitutional fact-finding conducted in this case. Petitioner necessarily argues that Booker applies retroactively to his sentence as

substantive law. Petitioner further asserts that he is not bound by his written plea agreement because, consistent with contract law, the Government's offer automatically expired on December 1, 2003, before petitioner and his counsel signed the document on December 2, 2003.

Petitioner's argument for the retroactive application of Booker is without merit. The rule in the Sixth Circuit was made clear in Humphress v. United States, 398 F.3d 855 (6th Cir. 2005):

> Humphress argues [in his § 2255 petition] that his sentence was imposed in violation of Blakely, --- U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403, because the trial judge increased his sentence based on findings of fact made by the judge. This claim is now governed by the Supreme Court's intervening decision in Booker, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621, which applied the Blakely reasoning to the Federal Sentencing Guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756. Because we conclude that Booker 's rule does not apply retroactively in collateral proceedings, we find this claim meritless.

Id. at 860 (emphasis added). As stated in Brooks v. United States, No. Civ. 05-10056-BC, 2005 WL 1356612 (E.D. Mich. June 1, 2005):

> [A]s of this date, every other federal court of appeals to have thus far considered the issue has held that Booker does not apply retroactively to cases on collateral review. See, e.g., Guzman v. United States, 404 F.3d 139, 143-44 (2nd Cir.2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir.2005); United States v. Price, 400 F.3d 844, 845 (10th Cir.2005); Humphress, 398 F.3d at 857; McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.2005); Lloyd v. United States, No. 04-3549, 2005 WL 1155220 (3rd Cir. N.J. May 17, 2005).

Id. at *3. Petitioner's claim for relief from his March 10, 2004 sentence pursuant a retroactive application of the January 12, 2005 Booker decision or June 24, 2004 Blakely decision is without merit as a matter of law. Humphress, 398 F.3d at 857, 860.

Petitioner's second claim for relief based on ineffective assistance of counsel is

equally flawed. Petitioner expressly waived his right to a direct appeal when he signed his Rule 11 Plea Agreement, which states in relevant part:

> 5. <u>Defendant's waiver of appeal rights</u>. If the court imposes a sentence equal or less than the maximum sentence described in ¶ 2 of this agreement [57 months], defendant waives any right he may have to appeal his conviction or sentence, including any right under 18 U.S.C. § 3742 to appeal on the grounds that the sentence was imposed as a result of an incorrect application of the sentencing guidelines.

Rule 11 Plea Agreement, at 6. This court imposed a 46 month sentence. The facts that the Plea Agreement states the Government's "offer automatically expires unless it has been received (fully signed) in the Office of the U.S. Attorney by 5:00 P.M. on December 1, 2003," <u>id</u>., and that petitioner and defense counsel signed the Plea Agreement a day later on December 2, 2003, did not preclude the Government, as it did, from ratifying the Plea Agreement before this court, consistent with general principles of contract law.

As petitioner recognizes in his petition:

> Petitioner did not object to the enhancements at sentencing for the simple reason that <u>Blakely</u> or <u>Booker & Fan Fan</u> had not yet been decided and counsel was not prescient enough to foresee it.

Petition, at 16. Petitioner's claim that defense counsel's ineffective assistance in failing to foresee <u>Blakely</u> caused him to unknowingly, unintelligently, and involuntarily waive his right to appeal his sentence on the grounds articulated in <u>Booker</u> is wholly without merit, particularly in light of petitioner's Rule 11 Agreement, as accepted and applied by this court, and the prospective application of <u>Booker</u> on collateral review. <u>Humphress</u>, 398 F.3d at 857, 860. Counsel's performance did not fall below the objective standard of reasonableness required by the Sixth Amendment, nor did counsel's performance prejudice petitioner. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984). Petitioner has not shown, and indeed does not argue, that but for his counsel's alleged error, petitioner would

not have pleaded guilty to one count of possession of an unregistered short barreled rifle in violation of 26 U.S.C. § 5861(d), but would have instead proceeded to trial on all seven counts of the August 27, 2003 superceding indictment[1].  See Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir. 1987).

For the reasons set forth above, Dennis Neuman's petition for relief under § 2255 is hereby DENIED, and his petition is hereby DISMISSED.  Before petitioner may appeal this court's decision, a certificate of appealability must issue.  28 U.S.C. §2253(c)(1)(B); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  Petitioner has made no such showing.  Accordingly, a certificate of appealability is also hereby DENIED.

SO ORDERED.

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

Dated:  June 24, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on June 24, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Secretary/Deputy Clerk

---

[1] Count I - unlicensed manufacturing of explosive devices, 18 U.S.C. § 841(a)(1); Count II - unlicensed dealing in explosives, 18 U.S.C. § 842(a)(1); Count III - unregistered possession of explosive devices, 26 U.S.C. § 5861(d); Count IV - unregistered possession of a short barreled rifle, 26 U.S.C. § 5861(d); Count V - unregistered possession of machine guns, 26 U.S.C. § 5861(d); Count VI - unregistered possession of a firearm, 26 U.S.C. § 5861(d), and; Count VI - possession of stolen firearms.